SAMUEL M. DAVIS, ADMINISTRATOR, Appellant,

*vs.*

GEORGE W. GOWER, GUARDIAN.

Somerset.    Opinion December 13, 1892.

*Probate.    Allowance to children.    R. S , c. 65, §§ 21, 25.*

A judge of probate, after making an allowance to a widow out of her husband's estate for herself and his minor children by a previous wife, cannot afterwards decree an additional allowance to such children for the reason that the widow abandoned them without their receiving the benefit of any of the funds in her hands.

AGREED STATEMENT.

This was an appeal from the decree of a judge of probate for Somerset county. The parties stated their case as follows:

Asa Washburn late of Hartland, Maine, died, leaving a widow, and two minor children by a deceased former wife, the oldest child, Jossie Washburn, being eleven years old, the youngest child, Fred Washburn, being eight years old. The widow presented a petition for an allowance, stating therein that the said Jossie and Fred Washburn were dependent upon her for support. She obtained an allowance of $145.20, in household goods and furniture ; and $60.00 in money. At the time of said allowance said children were not represented, no guardian having been appointed up to that time. She abandoned said children and has never furnished them any support.

Afterward a guardian was appointed, who presented a petition asking the judge to decree to said children the sum of $600.00, the same being all the assets then in the hands of the administrator. The prayer in said petition was granted. The estate is insolvent and so represented and declared by said court ; and if this allowance is not sustained, will pay only about thirty cents on the dollar, and the children will be left destitute, and if sustained the creditors will receive nothing.

The validity of the allowance to the children is the only question intended to be presented to the law court.

The administrator contended as a matter of law that an allowance having already been made on the petition of the widow, a second allowance on the petition of the guardian of the children is unauthorized and illegal.

*D. E. Thompson*, for Administrator.
*George W. Gower*, Guardian, *pro se*.

PETERS, C. J.   The facts agreed in this case show that a widow obtained upon her petition an allowance out of her husband's estate for herself and minor children. The judge of probate received no information from any source of the fact that the minors were the children of the husband by a former wife. The widow, after obtaining the allowance, abandoned the children, leaving them without any means of support. Thereupon a guardian was appointed for the minors, they being under fourteen years of age, and he petitioned for and obtained another allowance for such minors.

The question presented is whether the judge had jurisdiction that would authorize him to make the second decree. We think not. He cannot make, excepting as hereafter named, but one decree of allowance. He can divide that allowance, if he pleases, between widow and minor children such as these, but is not compelled to do so. R. S., c. 65, § 25. The discretion is to divide, not to duplicate. The only authority which a judge of probate has to make any second or additional allowance is when there are newly-discovered assets, or when the estate, considered to be insolvent at the time a decree of allowance is made, turns out afterwards to be solvent. R. S., c. 65, § 21. A decree of allowance, after it has been acted upon and executed, cannot be changed for the purpose of reducing the amount allowed. *Pettee* v. *Wilmarth*, 5 Allen, 144. Nor can it be changed in order to increase it. Nor can there be a second decree while the first stands, excepting in such instances as are above indicated.

*Decree below reversed.*

WALTON, VIRGIN, EMERY, HASKELL and WHITEHOUSE, JJ., concurred.